

FILED
OCT 17 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. FOLEY
and
TERESA R. FOLEY,

          Plaintiffs,

v.                                     Civil Action No. 3:11CV698

SAMUEL I. WHITE, P.C.,

          Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking damages arising from Defendant's unlawful attempts to collect a delinquent home mortgage debt alleged owed by Mr. and Mrs. Foley and to foreclose on the subject Deed of Trust. Mr. and Mrs. Foley allege that Defendant, a debt collection law firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by, among other things, failing to inform Mr. and Mrs. Foley that in order to obtain validation of the alleged debt and/or the name and address of the original creditor that they had to do so "in writing," and by making false statements in connection with the debt in violation of 15 U.S.C. §1692e and g(a)(4) and (5).

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiffs Michael A. Foley and Teresa R. Foley ("Mr. and Mrs. Foley" or "the Foleys") are natural persons who reside in Virginia. The Foleys are consumers within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Samuel I. White, P.C. is a law firm with offices in Maryland, Virginia, and West Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1804 Staples Mills Road, Suite 200, Richmond, Virginia 23230.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

6. Mr. and Mrs. Foley borrowed $602,400.00 in order to finance their mortgage, as evidence by a promissory note ("note"), dated November 20, 2006. The Note was payable to Aegis Wholesale Corporation.

7. The Note was secured by a Deed of Trust dated November 20, 2006 and recorded in the Clerk's Office of Circuit Court of the County of Loudoun, Virginia. A copy of the Deed of Trust is attached hereto as EXHIBIT A.

8. Mr. and Mrs. Foley's Note and Deed of Trust obligated them to repay Aegis Wholesale Corporation.

9. The Deed of Trust has a Mortgage Identification Number ("MIN") so that the servicing rights and ownership rights of the mortgage loan can be tracked electronically on the Mortgage Electronic Registration System ("MERS").

10. Upon information and belief, after the origination of the loan, Aegis Wholesale Corporation bundled and sold the ownership rights of Mr. and Mrs. Foley's loan.

11. In accordance with the Deed of Trust, Aegis Wholesale Corporation was under no obligation to provide and provided no documentation of the sale to Mr. and Mrs. Foley.

12. A copy of the MERS MIN search for Mr. and Mrs. Foley's loan is attached hereto as EXHIBIT B.

13. Mr. and Mrs. Foley's loan was serviced by Litton Loan Servicing, LP ("Litton"). As a servicer Litton acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

14. Mr. and Mrs. Foley regularly made their payments to Litton until they began to experience financial difficulties due to the declining economy.

15. In late 2009, Mr. and Mrs. Foley contacted their mortgage servicer, Litton, in an effort to pursue loss mitigation options.

*Samuel I. White is a Debt Collector*

16. Defendant Samuel I. White, P.C. is a law firm whose practice is focused on the collection of debts.

17. Defendant advertises that it specializes in default services through the use of a "comprehensive, common sense approach, that "streamlines the default process, mitigates [their] clients' risk and expedites the transaction."[1]

18. Defendant regularly collects home loan debts.

19. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

20. Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

21. Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

22. Defendant sent Mr. and Mrs. Foley a May 27, 2010 dunning letter,[2] which stated that the Defendant had been instructed to initiate foreclosure proceedings on Mr. and Mrs. Foley's home. A copy of the May 27, 2010 correspondence is attached hereto as EXHIBIT C.

23. The debt, a home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

---

[1] *See* http:// www.siwpc.net/
[2] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan*, ___ F. Supp. 2d at ___, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 *2, n. 1 (E.D. Va. 2011).

24. At the time of this initial communication, Mr. and Mrs. Foley were in default on their mortgage loan.

25. The May 27, 2010 correspondence stated the following information was provided as required by the Federal Fair Debt Collections Practices Act:

NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. Section 1692, *et. seq.*

.... The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1. As of May 27, 2010, the lender has advised us that the amount of the debt is $6333177.39*.

2. A reinstatement (bring current) figure may be obtained by calling 757-490-9284.

3. The creditor to whom the debt is owed is Mortgage Electronic Registration Systems, Inc.

4. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, which is Mortgage Electronic Registration Systems, Inc. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.

5. If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt, or any portion thereof, or if you notify us within thirty (30) days after the date you receive this letter that you want to know the name of the original creditor if that creditor is different from Mortgage Electronic Registration Systems, Inc., then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

6. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date that you receive this letter before initiating proceedings to foreclose your mortgage. In the event we do initiate foreclosure proceedings during the thirty (30) days after the date you receive this letter, you still retain the right to dispute the debt, or any

5

portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from Mortgage Electronic Registration Systems, Inc..

7. If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose the mortgage on your property only until we mail you the information validating the debt and/or we provide you with the name and address of the original creditor. If the foreclosure sale has been advertised and we respond as set forth above, the sale will not be canceled.

Any written requests should be addressed to:
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
Attn: Debt Dispute Desk

26. The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g, reads as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Disputed debts*
(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of

the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

27. The notice by which the Defendant purports to make the required disclosures is defective in various respects.

28. Defendant's purported notice to Mr. and Mrs. Foley of their thirty day validation rights failed to disclose that *oral* disputes overcome the debt collector's assumption of validity of the debt, required by the FDCPA at § 1692g(3) to be disclosed as follows:

> **§ 1692g.** **Validation of debts**
>
> *Notice of debt; contents*
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> ...
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. Defendant was required to disclose to Mr. and Mrs. Foley that they are entitled to dispute the debt *orally* in order to overcome a debt collector's assumption that a debt is valid.

30. Other contradictions exist between Defendant's Notice and the actual disclosure language of the validation notice required by 15 U.S.C. § 1692g.

31. The contradictions could confuse or mislead the least sophisticated consumer into disregarding or losing his rights under the validation notice. As Judge Spencer has stated, a

7

notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997). (As a consequence finding that the validation notice at issue violated § 1692g as a matter of law and granting summary judgment for the consumer on that issue.)

32. In order to trigger the debt collector's duty to provide verification of the debt, the consumer must dispute the debt *in writing*, as set forth in the Act as follows:

> **§ 1692g. Validation of debts**
>
> *Notice of debt; contents*
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> ...
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added)

33. Additionally, § 1692g(b) requires the debt collector to disclose that in the event of a timely *written* validation request to cease collection of the debt or the disputed portion until the requested verification or identity of the original creditor is mailed to the consumer, set forth as follows:

> *Disputed debts*
>
> (b) Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the

name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added)

34. Defendant's purported thirty day validation notice disclosure omits any reference to the in writing requirement.

35. Paragraphs 4 and 5 of Defendant's purported thirty day validation notice disclosure omit any reference to the in writing requirement.

36. In Paragraph 6, Defendant purports to notify Mr. and Mrs. Foley that they would "still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from Mortgage Electronic Registration Systems, Inc."

37. However, Paragraph 6 does not state that Mr. and Mrs. Foley would have to dispute the debt *in writing* in order to trigger their right to obtain verification of the debt or to obtain from Defendant the name and address of the creditor if different from the current creditor.

38. In similar fashion, Paragraph 7 of Defendant's May 27, 2010 dunning letter purports to notify Mr. and Mrs. Foley as to what happens "If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the

date you receive this letter," advising Mr. and Mrs. Foley that "the Fair Debt Collection Practices Act requires us to suspend our efforts."

39. However, Paragraph 7 of Defendant's May 27, 2010 dunning letter does not state that Mr. and Mrs. Foley would have to dispute the debt *in writing* in order to trigger the § 1692g(b) requirement that Defendant cease collection of the debt, or any disputed portion thereof, until Defendant obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to Mr. and Mrs. Foley by Defendant.

40. With respect to the failure to notify the consumer of the § 1692g(a)(4) and (5) writing requirement, Judge Merhige put it this way:

> the collection letter instructed (the consumer) to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter whether such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b).

*Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

41. More recently, Judge Hudson repeated this principle as follows:

> Where the debt collector fails to advise that the debtor's requests under subsections (a)(4) and (5) must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them.
>
> The fact that [the plaintiff] may have disputed her debt in writing does not alter this Court's conclusion. Indeed, because the FDCPA is a strict liability statute, evidence of actual deception is unnecessary. Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an unsophisticated consumer or debtor would be confused by the contents of the letter.

10

> Nor does it matter whether Defendants would have honored an oral request. A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing. Absent some mention of the "in writing" requirement, the least sophisticated debtor may very well dispute the debt only orally, and therefore never trigger the collector's duty to verify the debt. Plaintiffs have clearly stated a claim under Sections 1692g(a)(4) and (5) of the FDCPA.
>
> For similar reasons, Plaintiffs have also stated a claim under *Section 1692e(10)*.
>
> ...
>
> As explained above, Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of *Section 1692g*. The alleged violations of *Sections 1692g(a)(4)* and *(5)* therefore also state a claim under *§ 1692e(10)*.
>
> *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, *4-5, 2011 U.S. Dist. Lexis 48623, *9-11 (E.D. Va. 2011) (internal quotations and citations omitted).

42. Defendant makes no reference to the writing requirement in Paragraphs 5, 6 and 7 of the Notice.

43. A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

44. In addition to these defects, the May 27, 2010 dunning letter does not disclose the name of the creditor to whom the debt is owed, as is required by 15 U.S.C. § 1692g(a)(1). ). See, e.g., *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp. 293, 3001-01 (E.D.N.Y. 2005).

45. The May 27, 2010 dunning letter states, falsely, that the creditor to whom the debt is owed is Mortgage Electronic Registration Systems, Inc.

46. Mortgage Electronic Registration Systems, Inc. is not the creditor to whom the debt is owed.

47. Mortgage Electronic Registration Systems, Inc. was not the creditor to whom the debt was owed on May 27, 2010.

### *Defendant States the Note is Lost, Misplaced or Destroyed*

48. In correspondence to Mr. and Mrs. Foley dated, May 27, 2010, Defendant stated that Mortgage Electronic Registration Systems, Inc. is the beneficiary or successor beneficiary under Mr. and Mrs. Foley's property. A copy of the May 27, 2010 correspondence is attached hereto as EXHIBIT D.

49. This is a false statement.

50. Mortgage Electronic Registration Systems, Inc. was never the beneficiary or successor beneficiary under Mr. and Mrs. Foley's home loan.

51. Mortgage Electronic Registration Systems, Inc. never had the authority to enforce the note.

52. The May 27, 2010 correspondence included the following statement:

"Take notice that the original note evidencing your indebtedness has been lost, misplaced or destroyed, and is unavailable. If you believe you may be subject to a claim by another person or entity other than Mortgage Electronic Registration Systems, Inc. to enforce the note..."

53. Upon information and belief, the original note evidencing Mr. and Mrs. Foley's indebtedness had not been lost, misplaced or destroyed, making Defendant's representation false.

54. With respect to the "evidence of the indebtedness referenced above," Va. Code § 55-59.1 provides in pertinent part the following:

§ 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.

...

> B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

55. Upon information and belief, the beneficiary of the note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

56. That is, Mortgage Electronic Registration Systems, Inc.[3], had not submitted to Defendant an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

57. Defendant's May 27, 2010 letter further advised Mr. and Mrs. Foley that Defendant was attempting to collect a debt.

### *Mr. and Mrs. Foley Retain an Attorney*

58. Mr. and Mrs. Foley retained the services of Surovell, Markle, Isaacs & Levy PLC to represent them with respect to Defendant's collection efforts.

59. Defendant knew that Mr. and Mrs. Foley had retained the services of an attorney to represent them.

---

[3] Mr. and Mrs. Foley do not concede that the actual beneficiary is Mortgage Electronic Registration Systems, Inc., Mortgage Electronic Registration Systems, Inc. was never the creditor on Mr. and Mrs. Foley's home loan.

60. Mr. and Mrs. Foley's attorney communicated in writing with Defendant on behalf of Mr. and Mrs. Foley regarding the alleged debt which Defendant was attempting to collect from them.

61. By way of example, EXHIBIT E is a copy of a June 10, 2010 letter sent by Mr. and Mrs. Foley's attorney to Defendant advising of counsel's representation of Mr. and Mrs. Foley in connection with Defendant's attempts to collect the subject debt.

62. Defendant received EXHIBIT E.

63. Defendant knew the Foleys were represented by an attorney with respect to the home loan debt.

64. Defendant then for a time communicated in writing with Mr. and Mrs. Foley's attorney with respect to the subject debt.

65. By way of example, Defendant sent Mr. and Mrs. Foley's lawyer a June 16, 2010 letter in response to EXHIBIT E, the June 10, 2010 letter sent by Mr. and Mrs. Foley's attorney to Defendant advising of counsel's representation of Mr. and Mrs. Foley in connection with Defendant's attempts to collect the subject debt.

66. EXHIBIT F is a copy of Defendant's June 16, 2010 letter to the Foley's attorney.

67. By way of further example, EXHIBITG is a copy of a November 24, 2010 letter sent by Defendant to Mr. and Mrs. Foley's attorney in connection with Defendant's attempts to collect the subject debt.

68. The November 24, 2010 correspondence included a copy of the Substitution of Trustees Deed, with the same misrepresentations as discussed above.

69. Defendant communicated orally and in writing with Mr. and Mrs. Foley's attorney with respect to the subject debt.

***Defendant Subsequently Communicated Directly with Mr. and Mrs. Foley***

70. Defendant knew that Mr. and Mrs. Foley was represented by an attorney with regard to their unpaid mortgage and knew the attorney's name and address and nevertheless subsequently communicated directly with Mr. and Mrs. Foley with respect to the subject debt.

71. By way of example, EXHIBITH is a copy of an August 12, 2011, letter that Defendant sent directly to Mr. and Mrs. Foley in connection with Defendant's attempts to collect the subject debt.

72. The August 12, 2011 letter states that Defendant has been instructed to initiate foreclosure proceedings.

73. The August 12, 2011 letter also states:

> 1. As of August 12, 2011, the lender has advised us that the amount of the debt is $698,595.93*.
>
> 2. A reinstatement (bring current) figure may be obtained by calling 757-457-1428 or 800-432-3921. Please have your file number of 01-013720-10 available when calling.

74. The August 12, 2011 correspondence also states:

**<u>THIS IS AN ATTEMPT TO COLLECT A DEBT</u>**
**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

75. As a result of the acts and omissions of the Defendant, Mr. and Mrs. Foley have suffered actual damages and injury, including but not limited to, emotional distress, mental anguish, and suffering[4].

## <u>Count I: Violations of the FDCPA, 15 U.S.C. § 1692g</u>

76. The foregoing allegations of the Complaint are incorporated by reference.

---

[4] Mr. and Mrs. Foley previously filed a lawsuit against the Defendant for violations of the Fair Debt Collections Practices Act, in order to preserve their one year statute of limitations. This lawsuit was subsequently nonsuited.

77. By failing to disclose that oral disputes overcome the debt collector's assumption of validity of the debt, Defendant violated 15 U.S.C. § 1692g(a)(3).

78. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

79. The allegations of Paragraphs 1 through 78 of the Complaint are incorporated by reference.

80. By failing to inform Plaintiffs that in order to obtain validation of the alleged debt and/or the name and address of the original creditor, or to obtain the right to have the debt collector cease collection of the debt, or any disputed portion thereof, the request must be "in writing," Defendant violated 15 U.S.C. § 1692g. *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

81. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692e

82. Paragraphs 1 through 81 of the Complaint are incorporated by reference.

83. By failing to inform Plaintiffs that in order to obtain validation of the alleged debt and/or the name and address of the original creditor, or to obtain the right to have the debt collector cease collection of the debt, or any disputed portion thereof, the request must be "in writing," Defendant violated 15 U.S.C. § 1692e. *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

84. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692g

85. Paragraphs 1 through 84 of the Complaint are incorporated by reference.

86. By failing to disclose in the May 27, 2010 letter the name of the creditor to whom the debt was owed, Defendant violated 15 U.S.C. § 1692g(a)(2).

87. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692e

88. Paragraphs 1 through 87 of the Complaint are incorporated by reference.

89. By falsely stating in the September 24, 2010 letter that the note had been lost, misplaced or destroyed, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

90. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count VI: Violations of the FDCPA, 15 U.S.C. § 1692e

91. Paragraphs 1 through 90 of the Complaint are incorporated by reference.

92. By falsely stating in the May 27, 2010 and November 24, 2010 correspondences that Mortgage Electronic Registration Systems, Inc. was the beneficiary or successor beneficiary and/or noteholder under the subject deed of trust, Defendant violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10).

93. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count VII: Violations of the FDCPA, 15 U.S.C. § 1692c

94. Paragraphs 1 through 93 of the Complaint are incorporated by reference.

95. By communicating with Plaintiffs when it knew that Plaintiffs were represented by an attorney and the attorney's name and address, Defendant violated 15 U.S.C. § 1692c(a)(2).

96. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

1. Award Plaintiffs actual damages;

2. Award Plaintiffs statutory damages;

3. Award Plaintiffs reasonable attorney's fees;

4. Award Plaintiffs costs;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Michael A. Foley
Teresa R. Foley
By Counsel

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiffs